JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
ABIGAIL W. EVANS (Cal. Bar No. 249629)
Assistant United States Attorney
Riverside Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone:     (951) 276-6086
     Facsimile:     (951) 276-6202
     E-mail:   abigail.w.evans@usdoj.gov

Attorneys for Respondent
ELISEO RICOLCOL, WARDEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELIN PACHECO,<br><br>            Petitioner,<br><br>      v.<br><br>ELISEO RICOLCOL, WARDEN,<br><br>            Respondent. | No. 5:25-cv-00212-VBF-SP<br><br>RESPONDENT'S MOTION TO DISMISS OR TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA PETITIONER'S 28 U.S.C. § 2241 PETITION; DECLARATION OF ABIGAIL W. EVANS; EXHIBITS |

Respondent Eliseo Ricolcol, a Warden with the Federal Bureau of Prisons, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Abigail W. Evans, hereby moves to dismiss or transfer to the Southern District of California Petitioner's 28 U.S.C. § 2241 petition.

This Motion is based upon the attached memorandum of points and

//

//

authorities, the attached declaration and exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 25, 2025                    Respectfully submitted,

                                         JOSEPH T. MCNALLY
                                         Acting United States Attorney

                                         LINDSEY GREER DOTSON
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                               /s/
                                         ABIGAIL W. EVANS
                                         Assistant United States Attorney

                                         Attorneys for Respondent
                                         ELISEO RICOLCOL, WARDEN

**TABLE OF CONTENTS**

DESCRIPTION                                                          PAGE

TABLE OF AUTHORITIES..................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.   INTRODUCTION......................................................1

II.  STATEMENT OF FACTS................................................2

     A.   Petitioner's Conviction and Sentence.........................2

     B.   Petitioner's Custodial Status................................3

     C.   The Petition.................................................3

III. ARGUMENT..........................................................3

     A.   The Petition Fails To State A Claim Upon Which Relief
          Can Be Granted...............................................3

     B.   The Petitioner's Claims Are Not Cognizable in a Habeas
          Petition Filed Pursuant to 28 U.S.C. § 2241..................5

          1.   The FFOA's "Special Probation" Provision Is Not
               Applicable to the Petitioner............................5

          2.   Relief Pursuant to 28 U.S.C. § 2241 Is Improper
               Where The Petition Does Not Challenge the
               "Legality Or Duration" of Petitioner's Sentence.........7

IV.  CONCLUSION.......................................................10

**TABLE OF AUTHORITIES**

DESCRIPTION     PAGE

                                                                  age(s)

Cases

Bostic v. Carlson,
  884 F.2d 1267 (9th Cir.1989) ........................................ 3
Castro v. United States,
  124 S. Ct. 786, 157 L.Ed.2d 778 (2003) ........................... 11
Charles v. Chandler,
  180 F.3d 753 (6th Cir. 1999) ........................................ 9
Dominguez v. United States,
  2022 WL 2805936 .................................................... 6
Greenawalt v. Stewart,
  105 F.3d 1287 (9th Cir. 1997) ....................................... 9
Hernandez v. Campbell,
  204 F.3d 861 (9th Cir. 2000) ........................................ 8
Ivy v. Pontesso,
  328 F.3d 1057 (9th Cir.) ........................................ 9, 10
James v. Borg,
  24 F3d 20 (9th Cir. 1994) ........................................... 4
Lane v. Feather,
  584 F.App'x 843 (9th Cir. 2014) .................................. 3, 4
Lorentsen v. Hood,
  223 F.3d 950 (9th Cir. 2000) ........................................ 9
Moore v. Reno,
  185 F.3d 1054 (9th Cir. 1999) ....................................... 9
Nettles v. Grounds,
  830 F.3d 922 (9th Cir. 2016) ........................................ 3
Nunez-Reyes v. Holder,
  646 F.3d 684 (9th Cir. 2011) ........................................ 7
Porter v. Adams,
  244 F.3d 1006 (9th Cir. 1998) ....................................... 9
United States v. Duris,
  881 F.Supp. 2d 675 (E.D. Pa 2012) ................................... 7
United States v. Gonzalez,
  365 F.3d 796 (9th Cir. 2004) ........................................ 6
United States v. Hayman,
  342 U.S. 205 (1952) ................................................. 8
United States v. Jaime,
  235 F. Supp. 3d 262 (D.D.C. 2017) ................................... 6
United States v. Pirro,
  104 F.3d 297 (9th Cir. 1997) ........................................ 8
United States v. Raygoza-Garcia,
  902 F.3d 994 (9th Cir. 2018) ..................................... 2, 3
Villavicencio-Rojas v. Lynch,
  811 F.3d 1216 (9th Cir. 2016) ....................................... 6

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                           PAGE(S)

Zambrano-Burgos v. United States,
  2021 WL 1066557 (S.D. Cal. Mar. 19, 2021) ......................... 7

Federal Statutes

18 U.S.C. § 3607................................................ 1, 5, 6
18 U.S.C. § 3607(a)................................................... 6
18 U.S.C. § 3607(a-c)................................................. 2
18 U.S.C. § 3607(c)................................................... 6
21 U.S.C. § 844....................................................... 5
28 U.S.C. § 1915A(b).................................................. 3
28 U.S.C. § 2241................................................. passim
28 U.S.C. § 2255............................................... 8, 9, 10
Pub.L. 98-473......................................................... 5
U.S.C. § 2255......................................................... 2

Other Authorities

H.R. 4958............................................................. 5
H.R. 6028............................................................. 5
S. 2596............................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On January 22, 2025, Joselin Pacheco ("Petitioner"), a prisoner in federal custody proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition").  (CV-1.)[1] Relying on a non-existent amendment to the Federal First Offenders Act, the Petition seeks Petitioner's "immediate release from prison." (Id.)  Petitioner is serving a 24-month term of imprisonment at the Federal Correctional Institute ("FCI") Victorville I – Medium Camp ("FCI Victorville Med I") located within the Central District of California.  Sentence was imposed on February 16, 2024 by the United States District Court for the Southern District of California following a conviction for importing approximately 29.54 kilograms of cocaine from Mexico into the United States.  (See Declaration of Abigail W. Evans ("Evans Decl."), ¶ 2, Exh. 1-3.)[2]

As a threshold matter, the Petition fails to provide sufficient facts or law to state a claim for relief.  Second, the FFOA is inapplicable to this case as the FFOA does not provide relief to inmates, such as Petitioner, who are serving post-judgment sentences. Rather, the FFOA, codified at 18 U.S.C. § 3607, provides courts with the means to order "special," "pre-judgment probation" to certain first-time drug offenders charged with possession of a controlled substance; or, alternatively, it provides a mechanism for expungement

---

[1] Documents from clerk's record in the above-captioned case are referenced by "CV" followed by the docket number.  Documents from the clerk's record in United States v. Joselin Marlen Pacheco, 3:22-CR-01946-JLS, filed in United States District Court for the Southern District of California, are referenced by "CR" followed by the docket number.

[2] "Exh." refers to the exhibits referenced in and attached to the Evans Declaration.

of such a conviction in limited circumstances not applicable to Petitioner's case. See 18 U.S.C. § 3607(a-c). Third, in seeking immediate release from prison under the FFOA, the Petition at its core challenges Petitioner's underlying conviction and sentence. As such, the Petition is truly a 28 U.S.C. § 2255 motion which. if it were not futile to do so, should be filed in the district where the Petitioner was convicted and sentenced. The Petition should be dismissed or transferred to the Southern District of California.

## II.  STATEMENT OF FACTS

### A.  Petitioner's Conviction and Sentence

Petitioner is serving a 24-month term of imprisonment imposed on February 16, 2024 by the United States District Court for the Southern District of California, following a plea of guilty to a single-count information charging her with exporting cocaine into the United States in violation of 21 U.S.C. §§ 952, 960). (Evans Decl., ¶ 4, Exh. 3.)[3]  Petitioner filed a motion to reduce sentence under United States Sentencing Guidelines Amendment 821, which was denied on September 5, 2024. (Id., ¶ 3, Exh. 2 (CR 63, 68).)

///
///
///

---

[3] Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of electronically available court records. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018)("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

### B. Petitioner's Custodial Status

Petitioner is in the custody of the BOP and is housed within the Central District of California at the FCI Victorville Med I. (Id.; ¶ 2, Exh. 1.) Petitioner's projected release date is December 8, 2025. (Id. at 3.)

### C. The Petition

On January 22, 2025, Petitioner filed the Petition pursuant to 28 U.S.C. § 2241 in the Central District of California, the district in which the Petitioner is incarcerated. (CV 1.)

## III. ARGUMENT

### A. The Petition Fails To State A Claim Upon Which Relief Can Be Granted

A district court is required to dismiss a civil action "as soon as practicable" that is "frivolous, malicious, or fails to state a claim upon which relief can be granted." See 28 U.S.C. § 1915A(b); accord Rule 4 of Rules Governing Section 2254 Cases ("Habeas Rules") ("a judge must dismiss petition" if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989) (affirming district court's dismissal of a 28 U.S.C. § 2241 petition under Habeas Rules 1(b) and 4), overruled on other grounds, Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016); Lane v. Feather, 584 F.App'x 843, 841 (9th Cir. 2014) (unpublished) (affirming dismissal of Section 2241 petition based on Rule 4 of Rules Governing Section 2254 Cases). The present petition warrants dismissal under these standards, as it plainly states no claim for relief.

Petitioner has failed to state facts supporting the asserted grounds for relief.  The Petition seeks Petitioner's immediate release from prison based on the "amended" Federal First Offenders Act.[4]  (CV-1.) As set forth below, the Petition relies on a non-existent amendment to a statute (the FFOA) that has no applicability to a federal inmate, such as the Petitioner, who is serving a post-conviction sentence.  Moreover, the Petition does not and cannot identify the "qualifying" simple possession conviction which would warrant pre-judgment relief under the FFOA.  (Id.)  Petitioner also fails to allege she was a first-time offender or that she was the requisite age at the time of the offense.  (Id.)  The Petition should be dismissed for failure to state a claim as "[c]onclusory allegations which are not supported by a statement or specific facts do not warrant habeas relief."  See James v. Borg, 24 F3d 20, 26 (9th Cir. 1994).

---

[4] The Petition is one of several nearly identical petitions filed by inmates housed at FCI Victorville Med-I, each in the same handwriting.  See, e.g., Susan Cavadas v. Warden Eliseo Ricolcol, 25-cv-00324-ah-kes; Daisy Flores v. Warden Eliseo Ricolcol, 22-cr-00025-bcb-smb; Flor Jasmin Gonzalez v. Warden Eliseo Ricolcol, 25-cv-00184-ah-bfm; Yuridiana Cardenas Hidalgo v. Warden Eliseo Ricolcol, ED 25-cv-362-wlh-rao; Josefina Jimenez Esparza v. Warden Eliseo Ricolcol, 25-cv-334-fla-ssc; Rosio Jimenez-Maciel v. Warden Eliseo Ricolcol, 25-cv-196-ddp-as; Edelmira Marquez v. Warden Eliseo Ricolcol, 25-cv-286-ab-dtb; Sayda Orellana v. Warden Eliseo Ricolcol, 25-cv-00082-doc; Esperanza Ponce v. Warden Eliseo Ricolcol, 25-cv-00376-mcs-dfm; Sandra Yvette Mendivil Redondo v. Warden Eliseo Ricolcol, 25-cv-00115-sss-ajr; Sonia Rodriguez v. Warden Eliseo Ricolcol, 25-cv-00215-mcs-rao; Michel F. Romero v. Warden Eliseo Ricolcol, 25-cv-401-jak-jde; Jessica Salazar v. Warden Eliseo Ricolcol, 25-cv-00114-jls-agr; Melanie Stewart v Warden Eliseo Ricolcol, 25-cv-00389-ddp-pvc; and Lupe Busio Valencia v. Warden Eliseo Ricolcol, 25-cv-00214-ah-e.

**B. The Petitioner's Claims Are Not Cognizable in a Habeas Petition Filed Pursuant to 28 U.S.C. § 2241**

    1. <u>The FFOA's "Special Probation" Provision Is Not Applicable to the Petitioner</u>

The Federal First Offender Act is codified at 18 U.S.C. § 3607. Title 18, United States Code, Section 3607, entitled "Special Probation and Expungement Procedures for Drug Possessors." <u>See</u> 18 U.S.C. § 3607 (emphasis added) (Added Pub.L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 2003). The FFOA "is popularly known as the Federal First Offender Act or FFOA." <u>Id.</u>, Historical Notes & Short Title (Westlaw through March 18, 2025). Since its enactment, the FFOA has not been amended.[5] FFOA provides for:

> (a) Pre-judgment probation.--If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. § 844) [simple possession of a controlled substance]--
>     (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and
>     (2) has not previously been the subject of a disposition under this subsection; the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. . . .
> (c) Expungement of record of disposition.-- If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. § 844) is the subject of a disposition under subsection (a), and the person was less than

---

    [5] In 2024, during the 118th Congressional session, three bills seeking to amend the FFOA were introduced, but none became law. <u>See</u> Kenneth P. Thompson Begin Act, S. 2596 & H.R. 4958, 118th Congress (July 27, 2023); State Reform Act of 2023, H.R. 6028, 118th Congress, § 102 (Oct. 25 2023).

5

>    twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person. . . . The effect of the order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or institution of criminal proceedings . . .

See 18 U.S.C. § 3607. The FFOA permits a federal court to put first-time drug offenders who are convicted of possession of a controlled substance on *pre-judgment* probation. See 18 U.S.C. § 3607(a) (emphasis added). For defendants who successfully complete the terms of such "special probation", a court must discharge them "without entering a judgment of conviction." Id. The FFOA provides sentencing courts with discretion "to sentence a defendant up to one year of 'special probation' or 'pre-judgment probation' without entering a judgment of conviction under certain circumstances." United States v. Jaime, 235 F. Supp. 3d 262, 263-264 (D.D.C. 2017); 18 U.S.C. § 3607(a). In limited circumstances, the FFOA provides for expungement where the defendant was less than 21 years old at the time of the offense. See 18 U.S.C. § 3607(c).

A request for prejudgment probation pursuant to the FFOA is considered "a sentencing decision." See Dominguez v. United States, 2022 WL 2805936, *1 ((E.D. Cal. July 18, 2022)(determining that a "request for prejudgment probation under 18 U.S.C. § 3607 is considered a sentencing decision for the purpose of determining jurisdiction" on appeal); see also United States v. Gonzalez, 365 F.3d 796, 798 (9th Cir. 2004). In the post-judgment context, the FFOA is, at times, analyzed and litigated by inmates who seek to analogize state convictions to federal crimes covered by the FFOA in an attempt to avoid adverse immigration consequences of those convictions. See, e.g. Villavicencio-Rojas v. Lynch, 811 F.3d 1216, 1219 (9th Cir. 2016)(finding that the immigration judge erred in

6

concluding Villacecio's two counts of drug possession bar him from first-offender treatment under the FFOA"); Nunez-Reyes v. Holder, 646 F.3d 684, 690 (9th Cir. 2011)(en banc).

Here, the FFOA's special, pre-judgment provisions have no applicability to the Petitioner, who is serving a post-judgment federal prison sentence. The FFOA "permits first-time misdemeanor drug offenders to avoid the harsh consequences of a federal criminal conviction." United States v. Duris, 881 F.Supp. 2d 675, 681 (E.D. Pa 2012); see also Zambrano-Burgos v. United States, 2021 WL 1066557, at 3 (S.D. Cal. Mar. 19, 2021). Petitioner is serving a custodial term of 24 months imprisonment imposed by the United States District Court for the Southern District of California following a felony conviction for importation of cocaine from Mexico into the United States. (Evans Decl., ¶ 4, Exh. 3.) Petitioner does not seek to challenge or expunge the convictions (nor would this Court have jurisdiction to consider such a claim). Nor does Petitioner claim that she is a first time misdemeanor drug offender. Petitioner's underlying conviction is for a felony -- importing a large quantity of cocaine – not a misdemeanor simple possession of a controlled substance under 21 U.S.C. §844. (Evans Decl., Exh. 1-4.) Thus, her underlying conviction renders Petitioner ineligible for relief under the FFOA. The FFOA does not contain a mechanism for defendants, such as the Petitioner, to seek special probation once they have been convicted and sentenced. The Petition should be dismissed.

        2.    Relief Pursuant to 28 U.S.C. § 2241 Is Improper Where The Petition Does Not Challenge the "Legality Or Duration" of Petitioner's Sentence

In seeking the Petitioner's immediate release from federal prison under the FFOA, the Petition does not challenge the manner,

7

location, or conditions of the execution of Petitioner's sentence. (CV-1.)  Rather, at its core, the Petition challenges the conviction and the custodial nature of the sentence imposed in another district.

A habeas petition under § 2241 is designed to "challenge the manner, location, or conditions of a sentence's execution." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).  Because defendant is attacking not the execution of her sentence, but the sentence and underlying conviction, a § 2255 motion is the appropriate vehicle for review, and defendant's attempt to petition under § 2241 is inappropriate.  See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("A federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241.").  Resort to § 2241 is particularly inappropriate when a prisoner, as in this case, has not first sought relief under § 2255 from the court of conviction.  See 28 U.S.C. § 2255; Evans Decl., ¶ 3, Exh. 2.

Section 2255 contains a "savings clause" which permits federal prisoners to file a § 2241 petition in lieu of a § 2255 motion if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [their] detention."  28 U.S.C. § 2255 (fifth paragraph); see also United States v. Hayman, 342 U.S. 205, 219 (1952) (affirming the validity of this "savings clause").  But this savings clause has been narrowly interpreted, and Petitioner has not demonstrated why a § 2255 motion is inadequate or ineffective in this case.

Petitioner fails to allege any facts or law that would justify her failure to file the § 2255 motion, styled as a § 2241 Petition, in the Southern District of California.  (CV-1.)  Even if Petitioner

8

1 had argued that § 2255 is "inadequate or ineffective" because her
2 claims or motion cannot comply with § 2255's procedural requirements,
3 such a claim would fail.  Relief under 28 U.S.C. § 2255 is not
4 "inadequate or ineffective" merely because a petitioner cannot
5 satisfy the gatekeeping requirements of the  Antiterrorism and
6 Effective Death Penalty Act of 1996 (AEDPA).  See Ivy v. Pontesso,
7 328 F.3d 1057, 1059 (9th Cir.), cert denied, 124 S. Ct. 807 (2003).
8 ("[Section] 2255's remedy is not 'inadequate or ineffective' merely
9 because § 2255's gatekeeping provisions prevent the petitioner from
10 filing a second or successive petition."); Moore v. Reno, 185 F.3d
11 1054, 1055 (9th Cir. 1999) (per curiam) (same); Porter v. Adams, 244
12 F.3d 1006, 1007 (9th Cir. 1998) (same); Ivy, 328 F.3d at 1058-60
13 (same); Greenawalt v. Stewart, 105 F.3d 1287, 1288 (9th Cir. 1997)
14 (same).  A  defendant cannot circumvent the procedural limitations
15 attendant to a § 2255 motion merely by calling the motion by a
16 different label.
17     The "savings clause" has been reserved for the rare case in
18 which a defendant lacks an unobstructed opportunity to present a
19 claim of actual innocence.  See Ivy, 328 F.3d at 1059-61; Lorentsen
20 v. Hood, 223 F.3d 950, 954 (9th Cir. 2000); see also Charles v.
21 Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) ("No circuit
22 court has to date permitted a post-AEDPA petitioner who was not
23 effectively making a claim of 'actual innocence' to utilize § 2241
24 (via § 2255's 'savings clause') as a way of circumventing § 2255's
25 restriction on the filing of second or successive habeas
26 petitions.").  In this case, Petitioner has not raised a claim of
27 actual innocence.  To the contrary, Petitioner admits she is "guilty
28 of a[n unspecified] crime that is covered" under FFOA.  (CV-1.)

Because Petitioner has had an unobstructed opportunity to remedy any claim of actual innocence, relief under 28 U.S.C. § 2255 is not "inadequate or ineffective." See Ivy, 328 F.3d at 1060 ("[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion. . . . [Petitioner] . . . could have raised his innocence claim in his initial § 2255 petition. Thus, Petitioner has not been denied a chance to present her claims.

**IV.   CONCLUSION**

For the foregoing reasons, the Petition should be dismissed for failure to state a claim and for lack of jurisdiction. Alternatively, the Court should find that the Petition is a § 2255

///

///

///

motion styled as a § 2241 petition, and dismiss it or transfer it to the Southern District of California.[6]

Dated: March 25, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

       /s/
ABIGAIL W. EVANS
Assistant United States Attorney

Attorneys for Respondent
ELISEO RICOLCOL, WARDEN

---

[6] Because Petitioner is proceeding pro se, the government would request that the Court advise Petitioner of its intent to re-characterize his filing as a § 2255 motion, "warn the [Petitioner] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims [s]he believes [s]he has." Castro v. United States, 124 S. Ct. 786, 792 (2003). This will enable any subsequent § 2255 motions to be considered "successive" within the meaning of § 2255.

11